# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JOI BROWN and SHAUN SONIA,** | ) |
| **Plaintiffs,** | ) |
| v. | ) Case No.:  5:07-CV-1013-VEH |
| **CITY OF HUNTSVILLE, ALABAMA; GERALD L. NORRIS; and J. ANDERSON,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Plaintiffs Joi Brown ("Brown") and Shaun Sonia ("Sonia") bring this civil rights case against Defendants City of Huntsville ("COH"), Gerald Norris ("Norris) and J. Anderson ("Anderson") for false arrest under the Fourth and Fourteenth Amendments pursuant to § 1983 (Count I) and state law (Count II).  (Doc. #1).  The pending motion is:  Plaintiffs' Motion for Leave to File First Amended Complaint (the "Motion") (Doc. #22), originally filed on March 18, 2008 (Doc. 20).  Defendants filed their opposition (Doc. #21) on March 31, 2008.  No reply brief was filed.

As discussed more fully below, the Motion, pursuant to Rule 16 and Rule 15(a)

of the Federal Rules of Civil Procedure, is due to be and is **HEREBY GRANTED**.

## II.   BRIEF STATEMENT OF FACTS

On or about June 2, 2005, Norris arrested Brown and charged her with disorderly conduct and resisting arrest in the parking lot of the Wal-Mart on Drake Avenue in Huntsville, Alabama. Brown alleges that Norris arrested her in response to her telling him that "she had used her cell phone to record him using profanity and generally speaking to her in an unprofessional manner." (Doc. #1 ¶ 10).

Brown also complains that when arresting her, "Norris grabbed [her] through the window of her car by her hair, maced her, pulled her out of the car, slammed her to the pavement, cuffed her, and broke her cell phone in two pieces." (*Id.* ¶ 11). Sonia, a friend of Brown, witnessed Norris's arrest of her and started recording it on his cell phone. Sonia was also arrested for disorderly conduct by another police officer. Subsequently, the charges against Brown and Sonia were dropped.

## III.  STANDARDS

Because Plaintiffs seek to amend their complaint outside of their September 13, 2007 deadline established under the scheduling order, their Motion triggers not only the requirements of Rule 15, but also Rule 16. (*See* Doc. #15 at 2 (setting Plaintiffs'

deadline to amend for September 13, 2007)).[1]  Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course[;]" or relying upon Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. "  Fed. R. Civ. P. 15(a)(1)-(2).  Relatedly, as to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Pursuant to Rule 16(b)(4) however, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Finally, the applicable standard of review is abuse of discretion.  *See, e.g., Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (indicating that abuse of discretion applies when party seeks to amend outside of applicable scheduling order deadline).

## IV.  ANALYSIS

In their Motion, Plaintiffs seek to add separate counts for excessive force under federal law and assault and battery/excessive force under state law pertaining to Brown only.  Plaintiffs ask for their lateness to be excused on the basis that they recently learned of Defendants' intent to defend against the arrest of Brown for disorderly conduct on the grounds that they had probable cause to arrest Brown for

---

[1] While the parties jointly moved to amend the initial scheduling order (Doc. #17), which the court granted with a margin order dated January 29, 2008, the request did not include any extension of Plaintiffs' amended pleadings deadline.

an uncharged offense for violating the COH's noise ordinance, which theory they contend was unanticipated. Plaintiffs did not originally include separate counts for excessive force under state and federal law as damages for excessive force are subsumed within a claim for false arrest. *See Jackson v. Sauls*, 206 F.3d 1156, 1170-71 (11th Cir. 2000).

In support, Plaintiffs state in sum that (1) the facts of the case remain the same; (2) the notice of claim filed with the COH included excessive force; (3) Defendants were aware of Plaintiffs' plan to seek leave to amend for excessive force when Brown's deposition was conducted; (4) the discovery deadline is May 3, 2008, to the extent additional discovery is needed; and (5) an amendment will not unfairly prejudice Defendants.

While Plaintiffs' Motion does not specify which rules, if any, apply to their request, it is apparent to the court that the reasons set forth above are efforts on Plaintiffs' part to show good cause for allowing a late amendment under Rule 16. These bases are persuasive under Rule 16 and the more liberal requirements for amending under Rule 15(a).

More specifically, the court disagrees with Defendants that Plaintiffs were clearly put on notice of Defendants' "uncharged offense" defense strategy by virtue of their answers to Plaintiffs' complaint, (*see, e.g.*, Doc. #8 at 9-10), or their

responses to interrogatories served on December 21, 2007. (*See, e.g.*, Doc. #21 at Ex. B at 4-5 (Ans. to Interrogatory No. 10)). Therefore, Plaintiffs can fairly claim surprise by this strategy. Also the additional claims are not "new" to the case. Instead, Defendants have had plenty of notice as they were aware of them as early as when the affidavit of claim was received by the COH on November 23, 2005. (Doc. #22 at Ex. 2). Therefore, the court in its discretion will permit Plaintiffs to file the proposed first amended complaint. (*See* Doc. #22 at Ex. 1).

Furthermore, to the extent Defendants would be unfairly prejudiced by allowing this amendment unless the deadline for designating expert witnesses was also extended, the court **ORDERS** the parties to confer and file a joint statement regarding what deadlines should be reset in light of this amendment, and what those new deadlines should be no later than April 30, 2008. The parties do not necessarily have to agree as to each one of these deadlines, but they do have to indicate their respective positions, if disputed, or alternatively indicate those areas of agreement, in a jointly filed statement.

## V.  CONCLUSION

Therefore, the Motion is **GRANTED**. Plaintiffs are **ORDERED** to file in their first amended complaint that is attached as Exhibit 1 to Doc. #22, no later than April 30, 2008. Defendants' response thereto is due no later than May 20, 2008.

Additionally, the parties' joint statement of deadlines to reset as set forth above is due to be filed with the court no later than May 27, 2008.

**DONE** and **ORDERED** this the 21st day of April, 2008.

                                                    **VIRGINIA EMERSON HOPKINS**
                                                    United States District Judge