# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOI BROWN, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:07-CV-1013-VEH |
| | ) |
| GERALD L. NORRIS, | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This Fourth Amendment (by and through 42 U.S.C. § 1983) excessive force case is set for a jury trial beginning October 24, 2011.[1] (See CM/ECF margin entry dated July 18, 2011). A hearing on all pending motions and objections, and a preliminary charge conference, was held on October 13, 2011. For the reasons stated in open court, the court hereby **ORDERS** as follows.

### I.  MOTION IN LIMINE

Pending before the court is Defendant Gerald Norris's ("Officer Norris") Revised Motion in Limine (Doc. 63) (the "Motion") filed on April 20, 2011. The Motion seeks to preclude a number of different items at trial primarily on the bases

---

[1] The Plaintiff has dropped her state law claims.

of Rules 401, 402, and 403 of the FEDERAL RULES OF EVIDENCE and is partially opposed by Plaintiff Joi Brown ("Ms. Brown"). (*See generally* Doc. 63 (listing twelve separate areas of evidence); *id.* at 1 ("**OPPOSED IN PART**")). Ms. Brown filed her opposition (Doc. 66) on October 6, 2011, and Officer Norris filed a reply (Doc. 67) on October 10, 2011. The court heard argument on October 13, 2011.

### A. Applicable Evidentiary Rules and Standard of Review

#### 1. Evidentiary Rules

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Regarding the admissibility of evidence generally, Rule 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FED. R. EVID. 402.

Finally, the exclusionary standard pursuant to Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

2. Standard of Review

"All evidentiary decisions are reviewed under an abuse-of-discretion standard." *See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 Fed. App'x 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under an abuse of discretion standard. *Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that certain errors were committed, the errors must have affected "substantial rights" in order to provide the basis for a new trial. *See* Fed. R. Evid. 103(a). "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Perry*, 734 F.2d at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319 (11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993). Therefore, even the existence of many evidentiary errors does not guarantee the party appealing a new trial. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" for reversible error to occur.

### B.  Rulings on Motion in Limine

As explained more fully below, Officer Norris's Revised Motion in Limine (doc. 63) is **GRANTED IN PART** and is otherwise **DENIED**.

### 1.  Uncontested Matters

Ms. Brown does not oppose nine of the twelve separate areas contained in the Motion.  Accordingly, those portions of Officer Norris's Motion are **GRANTED** as unopposed, and Ms. Brown, her counsel, and her witnesses are **HEREBY PROHIBITED** from making any reference to the following areas at any time during the trial of this case, other than for impeachment or to refresh recollection, or if the Defendant "opens the door:"

**1.  Any testimony, evidence, or argument about Plaintiff's complaint to the Internal Affairs Division ("IA") of the Huntsville Police Department ("HPD") or the resulting IA investigation related to the incident at issue in this case[;]**

**2.  Any testimony, evidence, or argument of any prior or subsequent allegations of wrongdoing against Lieutenant Norris, including informal complaints to IA and/or actual lawsuits[;]**

**3.  Any testimony, evidence, or argument of any prior or subsequent allegations of wrongdoing, including informal complaints to IA and/or actual lawsuits, against the other law enforcement officers involved in the incident at issue in this case, including Jimmy Anderson, Brian Hudson, Michael Leftwich, Jim Winn, and/or Matt Thornbury[;]**

**4.  Any testimony, evidence, or argument of any prior or subsequent employment-related discipline against Lieutenant Norris and/or any other law**

enforcement officers involved in the incident at issue in this case, including Anderson, Hudson, Leftwich, Winn, and/or Thornbury[;]

**5.   Any testimony, evidence, or argument regarding any prior, pending, or impending lawsuits, notices of claim, and/or complaints to IA by any current or former clients of plaintiff's counsel[;]**

**6.   Any testimony, evidence, or argument regarding any out-of-pocket expenses incurred by plaintiff stemming from the incident at issue in this case, other than those expenses related to medical care or treatment for claimed injuries, including her criminal defense costs, bail bond costs, cost of replacing her cell phone, and/or litigation expenses and attorney's fees relating to prosecution of this lawsuit[;]**

**7.   Any testimony, evidence, or argument regarding whether the City of Huntsville, Alabama ("COH"), will satisfy any judgment entered against Lieutenant Norris in this case[;]**

**8.   Any testimony, evidence, or argument regarding whether the COH is paying for the defense costs of Lieutenant Norris in this case[; and]**

**9.   Any testimony, evidence, or argument that the COH was a named party in this case.**

(Doc. 63 ¶¶ 4-12).

## 2. Contested Matters

Three of the areas are contested by Ms. Brown. (Doc. 63 ¶¶ 1-3). The court addresses each one separately.

**1.   Any testimony, evidence, or argument regarding the invalidity of plaintiff's arrest, including whether probable cause to arrest was lacking.**

Officer Norris objects to the admissibility of this area on the grounds such

evidence is irrelevant. Alternatively, Officer Norris maintains that the evidence is due to be excluded pursuant to Rule 403's framework. Ms. Brown "agrees she cannot argue [Officer] Norris lacked probable cause to arrest her[,]" but counters that she should still be able "to put on evidence and make arguments regarding the circumstances of the incident between [them], including the facts that relate to [Officer] Norris's alleged probable cause." (Doc. 66 at 1). Officer Norris replies that evidence about whether he subjectively "acted with an improper intent or motive in arresting [Ms.] Brown" "cloud[s]" the objective reasonableness issue. (Doc. 67 at 2).

As to this first contested matter, the Motion is **GRANTED** as unopposed as follows: **Neither side may argue or put on evidence that there was or was not probable cause to arrest the Plaintiff or Shaun Sonia.**

However, in accordance with the Supreme Court decision in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989), the Motion is otherwise **DENIED** as to this first contested matter.

> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" <u>in light of the facts and circumstances confronting them</u>, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

\*\*\*

> FN12. Of course, in assessing the credibility of an officer's account of the circumstances that prompted the use of force, a factfinder may consider, along with other factors, evidence that the officer may have harbored ill-will toward the citizen. Similarly, the officer's objective "good faith"—that is, whether he could reasonably have believed that the force used did not violate the Fourth Amendment—may be relevant to the availability of the qualified immunity defense to monetary liability under § 1983.

*Graham v. Connor*, 490 U.S. 386, 397-99, 109 S.Ct. 1865, 1873 (internal citations omitted) (emphasis supplied).[2]

**2. Any testimony, evidence, or argument regarding the ultimate disposition of charges against Shaun Sonia, i.e., the nolle prosequi of the charge for disorderly conduct in Madison County District Court.**

Officer Norris objects to the admissibility of this area as irrelevant. Alternatively, Officer Norris maintains that the evidence is due to be excluded pursuant to Rule 403's framework. In opposition, Ms. Brown argues that the evidence should be admitted because "Sonia and other witnesses say Sonia was arrested solely because he was recording the incident between [Officer] Norris and

---

[2] The court finds *Graham v. Connor*, 490 U.S. 386, unhelpful to Officer Norris's arguments. *Graham* reversed the Fourth Circuit's affirmance of a district court's jury instruction (under a substantive due process framework) requiring the plaintiff in a Fourth Amendment case to show that the officer's actions were malicious or sadistic. The court also finds *Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991), *Phillips v. Irvin*, 2007 WL 2310038 (S.D. Ala. July 27, 2007), and *Johnson v. Ft. Pierce Police Dept.*, 849 F. Supp. 1543 (S.D. Fla. 1994), also relied on by Officer Norris, inapposite. *Courson* was a review of a district court's denial of summary judgment on the basis of qualified immunity. *Phillips* was a ruling on a motion in limine under Rule 404(b), and there is no issue of extrinsic evidence implicated by any of the contested matters before this court. In relevant part, *Johnson* was a summary court decision in favor of defendants on grounds of qualified immunity, finding as a matter of law that, even if excessive force was used during the arrest, the law was not clearly established as to the actions at question.

[Ms.] Brown on his cell phone after [Officer] Norris directed [another] officer to make the arrest." (Doc. 66 ¶ 1 at 2). Officer Norris replies that allowing such evidence will "divert the jury's attention away from the real issue." (Doc. 67 ¶ 2 at 3).

Based on defense counsel's proffer that Officer Norris directed the arrest of Sonia, the Motion is **DENIED**, consistent with the court's ruling above as to the first contested matter.

**3. Any testimony, evidence, or argument regarding the alleged intentional destruction of plaintiff's cell phone or the erasure of video clips from Sonia's cell phone.**

Officer Norris objects to the admissibility of this area on the basis that such evidence is irrelevant. Alternatively, Officer Norris maintains that the evidence is due to be excluded under Rule 403.

With respect to the erasure of the video clips on Mr. Sonia's phone, Office Norris additionally argues that the evidence should not be admitted because it is speculative. *See XL Ins. Am., Inc. v. Ortiz*, 673 F. Supp. 2d 1331, 1343 (S.D. Fla. 2009) ("Speculative testimony is not admissible in evidence . . . .") (citing FED. R. EVID. 602); *Robinson v. Ford Motor Co.*, 967 F. Supp. 482, 487 n.2 (M.D. Ala. 1997) ("An opinion which is mere speculation . . . does not assist the trier of fact, and thus, is inadmissible . . . .").

Ms. Brown counters that both the intentional destruction of her cell phone and the erasure of video clips on Mr. Sonia's phone are "pretty much [her] entire case." (Doc. 66 ¶ 3 at 2). Officer Norris replies that this proof should not be permitted because "a jury may not consider an officer's subjective intent or motive when determining the reasonableness of a use of force" and further that any probative value is "scant" "at best[.]" (Doc. 67 ¶ 3 at 4).

The court agrees with Ms. Brown that evidence tending to establish that Officer Norris's intentionally destroyed her cell phone is relevant under Rule 401 and should not be excluded under Rule 403 because such evidence is part of the totality of the circumstances relating to Officer Norris's arrest of Ms. Brown.

Similarly, the erasure of the video clips on Mr. Sonia's cell phone is admissible under Rules 401 and 402 and not subject to exclusion under Rule 403. While the court agrees that Ms. Brown may not testify about the clips on Mr. Sonia's cell phone because she never actually saw them, the court sees no problem with Mr. Sonia, who made the video clips and who, therefore, has personal knowledge of them, testifying on the topic. Finally, it is for the jury to decide from a credibility standpoint whether the video clips were ever actually made and then subsequently erased. Accordingly, and consistent with the court's rulings as to the previous two contested areas, the Motion is **DENIED** as to this third contested area.

## II.  OBJECTIONS TO TRIAL EXHIBITS AND WITNESSES

The parties will attempt to work out their pending objections, to the extent not decided by the court's rulings above on Defendant's Revised Motion in Limine.  To the extent that any unresolved objections remain <u>after consultation</u>, each side must separately file a notice of such unresolved objections (along with copies of any pertinent exhibits) no later than noon on Friday, October 21, 2011,[3] advising the court what objections will need to be heard on Monday, October 24, 2011, at 9:00 a.m.

## III.  PRELIMINARY CHARGE CONFERENCE

By agreement of the parties, the court will bifurcate jury instructions and deliberation on the issues of liability and qualified immunity.  If the jury renders a verdict in favor of the Plaintiff as to liability, the court will then allow brief argument on the issue of qualified immunity, instruct the jury further, and require the jury to deliberate and return a verdict as to that defense.

**DONE** and **ORDERED** this the 14th day of October, 2011.

                                                                                         /s/ Virginia Emerson Hopkins
                                                                                         **VIRGINIA EMERSON HOPKINS**
                                                                                         United States District Judge

---

[3] The obligation to file an objected-to exhibit is on the party objecting to that exhibit.